**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13414

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KARTAYAH NARIAH FELICIANO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20547-JEM-3

_____

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

Kartayah Feliciano appeals her 60-month sentence of imprisonment for cocaine possession. She argues that the district court

should not have attributed to her the amount of cocaine that her codefendants transported and that it should not have denied her a role reduction. Because the district court made no clear error in its findings of fact, we affirm.

## I. BACKGROUND

In October 2022, Melinna Destra recruited Feliciano to import and distribute cocaine. Destra enticed her with a "free" Caribbean cruise. Although Feliciano felt that something "was not right," she took Destra up on the offer. While en route to Miami, Florida, Destra gave Feliciano a backpack, told her to put her belongings in it, and promised her $1,600. When they arrived at a Jamaican port, Destra, Feliciano, and Jacqueline Mason left the ship with their backpacks. Individuals picked them up, instructed them to leave the backpacks, and later returned the backpacks. Before they reboarded the ship, Destra gave Feliciano and Mason a handbag. All the women reboarded the ship with a backpack and a handbag.

Feliciano inspected her backpack when she returned to her room, noticed unusual stitching, and heard a crinkling sound inside the bag. She suspected that the bag contained drugs. She asked Mason about the altered condition of the bag, and Mason reassured her that Destra had "done this before." At the end of the cruise, Customs and Border officers conducted a secondary inspection and found 16.042 kilograms of cocaine concealed in the belongings of all three women, of which 4.983 kilograms of cocaine was located

in Feliciano's handbag and the lining of her backpack. All three women were arrested.

A grand jury indicted the women on eight counts. It charged Feliciano with four of those counts. She pleaded guilty to two counts: importing cocaine into the United States, 21 U.S.C. § 952(a), and possessing cocaine with the intent to distribute it, *id.* § 841(a)(1).

Feliciano's presentence investigation report provided a base offense level of 32, United States Sentencing Guidelines Manual § 2D1.1(a)(5), (c)(4) (Nov. 2021), based on the entire 16.042 kilograms of cocaine that officers recovered, a 2-level reduction because Feliciano was eligible for statutory safety-valve relief, *id.* § 2D1.1(b)(18), and a 3-level reduction for acceptance of responsibility, *id.* § 3E1.1(a), (b), for a total offense level of 27. The report calculated a criminal history category of I based on zero criminal history points. With an offense level of 27 and a criminal history category of I, Feliciano's guideline range for cocaine possession was 70 to 87 months of imprisonment.

Feliciano objected to being held responsible for the entire amount of cocaine that officers recovered and to not receiving a role reduction. She argued that she and the government had jointly agreed that she should be held accountable for the cocaine she possessed. She also argued that she was less culpable than Destra. The district court overruled each objection. It found that the women "left together," "something was inserted into their backpack," "they were given an additional package," "returned to the cruise

ship," and had the contents of the backpacks in their room "until they returned to the United States." The district court found that it was "obviously a joint venture" and Feliciano could be held accountable for the entire amount of cocaine. It also determined that Feliciano's role was "pretty much akin" to Mason's role. And because it had not given Mason a role reduction, it declined to do so for Feliciano. The district court then sentenced Feliciano to 60 months of imprisonment.

## II. STANDARDS OF REVIEW

We review the findings of the amount of drugs to be attributed to a defendant for clear error. *United States v. Azmat*, 805 F.3d 1018, 1046 (11th Cir. 2020). We also review the denial of a role reduction for clear error. *United States v. Valois*, 915 F.3d 717, 730 n.8 (11th Cir. 2019). We will not disturb either ruling unless we are left with a definite and firm conviction that a mistake has been made. *Id.* at 731; *Azmat*, 805 F.3d at 1046.

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that the district court did not clearly err when it attributed all of the cocaine that officers recovered to Feliciano. Second, we explain that it did not clearly err when it denied a role reduction.

### A. Feliciano was Accountable for All of the Recovered Cocaine

Feliciano first argues that the district court erred at sentencing when it attributed the entire amount of cocaine that officers recovered. She maintains that she should be held accountable for

only the cocaine she possessed because each defendant engaged in her own venture. We disagree.

The district court did not clearly err when it attributed the entire amount of cocaine officers recovered to Feliciano. The Guidelines instruct district courts to consider all "relevant conduct" when they calculate a defendant's guideline range. U.S.S.G. § 1B1.3. When determining the amount of drugs attributable to the defendant for sentencing purposes, the defendant is accountable "for all quantities of contraband with which [s]he was directly involved," and in the case of jointly undertaken criminal activity, "all quantities of contraband that were involved in transactions carried out by other participants," provided that those transactions were "within the scope of, and in furtherance of, the jointly undertaken criminal activity," and were "reasonably foreseeable in connection with that criminal activity." *Id.*, cmt. (n.3(D)).

The district court found that Feliciano was accountable for the cocaine recovered from Destra's and Mason's belongings because she was part of jointly undertaken criminal activity. This additional amount of cocaine was relevant conduct the district court could attribute to Feliciano because it was "within the scope of," "in furtherance of," and "reasonably foreseeable in connection with" the jointly undertaken criminal activity that Feliciano took part in. *Id.* The evidence established that Destra, Feliciano, and Mason disembarked a cruise ship together in Jamaica and left their backpacks with individuals who later returned them. Destra also gave both Feliciano and Mason a handbag before they reboarded

the ship. All three women reboarded the ship together carrying a backpack and handbag. Feliciano admitted that she knew her backpack had been altered, suspected that it contained drugs, and asked Mason about the altered condition of the bag, who assured her that Destra had "done this before." Based on these facts, the district court did not clearly err when it determined that Feliciano, Destra, and Mason engaged in a jointly undertaken criminal activity—the object of which was the importation and distribution of cocaine—and held Feliciano accountable for the entire amount of cocaine that officers recovered. *See Azmat*, 805 F.3d at 1046.

### B. Feliciano was Not a Minor Participant

Feliciano also argues that the district court erred at sentencing when it denied a role reduction. She maintains that she was at most an "unknowing drug mule." We also disagree.

The district court did not clearly err when it denied Feliciano a role reduction. The Guidelines instruct district courts to decrease a defendant's offense level by four levels when she is a "minimal participant," two levels when she is a "minor participant," and three levels when she falls between those two categories. U.S.S.G. § 3B1.2. It is the defendant's burden to establish that she is entitled to a role reduction by a preponderance of the evidence. *United States v. Wenxia Man*, 891 F.3d 1253, 1274 (11th Cir. 2018). The district court should consider "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." *United States v. Rodriguez De Varon*, 175

F.3d 930, 940 (11th Cir. 1999) (en banc). To assist with this task, the Guidelines provide a "non-exhaustive list of factors," such as "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," "the degree to which the defendant exercised . . . or influenced the exercise of decision-making authority," the "nature and extent of the defendant's participation," and "the degree to which the defendant stood to benefit." U.S.S.G. § 3B1.2 cmt. n.3(C).

The district court found that Feliciano was not a minor participant. Her own "relevant conduct" establishes that she played "an important or essential role" in the criminal activity, *Rodriguez De Varon*, 175 F.3d at 943, 945, and the "nature and extent of [her] participation" was meaningful, U.S.S.G. § 3B1.2 cmt. n.3(C). She agreed to accept bags from Destra and was responsible for transporting one-third of the cocaine into the United States. She also "understood the scope and structure of the criminal activity." *Id.* She suspected that she was transporting drugs. She also "stood to benefit" from the enterprise. *Id.* Besides receiving a "free" trip, Destra promised Feliciano payment for her assistance. *Id.* Based on these facts, the district court did not clearly err when it denied Feliciano a role reduction. *See Valois*, 915 F.3d 730 n.8, 731.

### IV. CONCLUSION

We **AFFIRM** Feliciano's sentence.